1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     EASTERN DISTRICT OF CALIFORNIA
10
11  JOYCE MURRELL,
                                       No. 2:09-cv-00234-MCE-KJM-PS
12          Plaintiff,
13     v.                              **ORDER**
14  WALTER THEILER, et al.,
15          Defendants.
16                           ----oo0oo----
17      Plaintiff, who is proceeding in pro se, has filed two
18  "Emergency" Motions with this Court, the first seeking "Recovery
19  of Embezzled Funds and Execution on Swiss Judgment" and the
20  second requesting "Recovery [for the] Unlawful Seizure of her
21  Home, Assets and Property."  Plaintiff previously filed the same
22  Motions on or about February 4, 2009.  Those Motions were denied,
23  without prejudice, on March 25, 2009 given Plaintiff's failure to
24  provide any notice to Defendants of her pending requests.  On
25  March 8, 2009, Plaintiff resubmitted her Motions along with
26  proofs of service indicating that the numerous Defendants to this
27  proceeding were sent copies of the Motions via certified mail.
28  ///

Because she appears to be seeking emergency injunctive relief from the Court on an expedited basis without a noticed hearing date and accompanying briefing schedule, Plaintiff's Motions most clearly resemble requests for issuance of a Temporary Restraining Order.

Issuance of a Temporary Restraining Order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy by clear and convincing evidence. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974). In order to warrant issuance of such relief, Plaintiff must demonstrate either: 1) a combination of probable success on the merits and a likelihood of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008). (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); United States v. Nutri-cology, Inc., 982 F.2d 1374, 1376 (9th Cir. 1985). Under either formulation of the test for granting injunctive relief, however, Plaintiff must demonstrate a significant threat of irreparable injury. Oakland Tribune, Inc. v. Chronicle Publ. Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

1    The primary purpose of injunctive relief is to preserve the
2 status quo pending a determination on its merits. Chalk v.
3 United States Dist. Ct., 840 F.2d 701, 704 (9th Cir. 1988).
4 Although injunctive relief seeking to alter the status quo is not
5 automatically rejected, it is subject to higher scrutiny and
6 carries a heavy burden of persuasion. Tom Doherty Assocs., Inc.
7 v. Saban Entertainment, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995).
8    Examination of Plaintiff's filings here shows that, in
9 requesting injunctive relief, she is not attempting to preserve
10 the status quo but rather to alter the alleged results of a
11 complicated pattern of embezzlement dating back more than ten
12 years, to approximately 1997. Plaintiff goes on to claim that
13 her business operations ceased in November 2001 due to alleged
14 embezzlement, and that she was evicted from her home in October
15 of 2004, also as a result of alleged fraud and/or embezzlement.
16 Therefore, Plaintiff appears to be asking the Court to change the
17 results of events that occurred in some instances more than a
18 decade ago. As such, the propriety of Plaintiff's requests in
19 the context of injunctive relief is subject to increased scrutiny.
20    The Court concludes that Plaintiff cannot meet that
21 heightened burden of persuasion, and that her request for
22 injunctive relief fails on multiple grounds. First, the
23 propriety of a temporary restraining order, in particular, hinges
24 on a significant *threat* of irreparable injury (Simula, Inc.
25 Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999)) that must be
26 *imminent* in nature. Caribbean Marine Serv. Co. v. Baldridge, 844
27 F.2d 668, 674 (9th Cir. 1988); Midgett v. Tri-County Metro.
28 Transp. Dist. of Oregon, 254 F.3d 846, 850-51 (9th Cir. 2001).

Past harm alone is insufficient. Instead, in order to obtain injunctive relief, plaintiff must show a real and immediate threat that she will be harmed again. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); Plumley v. Landmark Chevrolet Inc., 122 F.3d 308, 312 (5th Cir. 1997).

Here, the vast bulk of Plaintiff's complaints concern injuries that occurred many years ago as a result of a purported embezzlement scheme that began in the 1990's and culminated in her business operations ceasing in 2001 and her home and personal belongings being seized in 2004. Those losses have already occurred, and in and of themselves are inadequate to support the issuance of injunctive relief in the present. Any current threat of irreparable harm here seems to stem from allegations 1) that Plaintiff cannot afford to pay for continued storage of her remaining personal items, and that said items may consequently be sold to pay storage fees; 2) that funds embezzled by Defendant Theiler may be subject to further dissipation following his January 2008 death through inheritance and/or the assumption of control by other individuals; and 3) that Plaintiff desperately needs funds to pay for long-deferred surgery and other living expenses.

Plaintiff's reliance on these circumstances to establish the requisite irreparable harm is flawed for two reasons. First, there is no indication that the losses cannot be adequately compensated through monetary damages: in fact, Plaintiff's very description of her plight as enumerated above shows simply that Plaintiff needs money to avert the perceived injuries from occurring.

The threat of money damages alone is not ordinarily enough to constitute irreparable harm. Sampson v. Murray, 415 U.S. 61, 90 (1974). Courts do not issue injunctions to protect legal remedies, or remedies that are monetarily compensable. Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd., 339 F.3d 101, 113-14 (2d Cir. 2003). Second, much of the irreparable injury that Plaintiff attempts to remedy consists of speculation that embezzled funds will be further depleted, and speculation that if she continues to postpone surgery needed since at least 2002 that she may suffer further injury. Speculative injuries, however, are insufficient to justify the issuance of injunctive relief. Goldie's Bookstore, Inc. v. Sup. Ct., 739 F.2d 466, 472 (9th Cir. 1984).

The Court concludes that Plaintiff has not identified irreparable injury sufficient to justify the imposition of injunctive relief, particularly in view of the fact that she is subject to an even higher standard of persuasion in that regard in seeking, not to maintain the status quo, but to disgorge funds that Defendants are currently said to have in their possession. Plaintiff has not shown that her claimed damages cannot be compensated by a monetary award, and as stated above money damages are not enough to constitute irreparable harm. Sampson v. Murray, 415 U.S. at 90.

///
///
///
///
///

Since irreparable harm must always be established to justify injunctive relief (see Oakland Tribune, Inc. v. Chronicle Publ. Co., 762 F.2d at 1376), the Court need not even address whether there is any probability that Plaintiff will prevail on the merits of her claims, and it declines to do so.  Plaintiff's "Emergency" Motions, which the court has construed as seeking temporary injunctive relief, are therefore DENIED.

     IT IS SO ORDERED.

Dated: April 10, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE